UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FAWAD NOORI,

    Petitioner,

        v.

KRISTI NOEM, PAM BONDI, TODD M.
LYONS, BRIAN ENGLISH,

    Respondents.

CAUSE NO. 3:26-CV-210-CCB-SJF

### OPINION AND ORDER

Immigration detainee Fawad Noori, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. Because his petition did not set forth that he is entitled to relief, the court gave him the opportunity to file an amended petition. ECF 3. He submitted an amended petition. ECF 4. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The facts of Noori's amended petition establish that his habeas petition is premature.

According to the amended petition, Noori was a lawful permanent resident who has been ordered removed from the United States. The Board of Immigration Appeals

dismissed his appeal of the removal order on February 9, 2026, making his removal order administratively final on that date. *See* 8 U.S.C. § 1101(a)(47)(B)(i). He does not say that he filed a petition for review with the court of appeals.

By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. 1231(a)(1), (a)(2). The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Here, the removal period began for Noori on February 9, 2026, when his order of removal became administratively final. He is still within the 90-day removal period, during which the statute directs that "the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A). His current detention, therefore, is lawful.

As a final matter, the court observes that "for detention to remain reasonable, as the period of prior post-removal-order confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). While Noori may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if the government continues to detain him for a significant period of time.

2

For these reasons, the court **GRANTS** the motion to amend the petition (ECF 4), DIRECTS the clerk to separately docket the amended petition (ECF 4), **DENIES** the petition, and DIRECTS the clerk to close this case.

SO ORDERED on March 27, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3